IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEATRICE SMITH WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv392-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is petitioner Deatrice Smith Williams's ("Williams") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Doc. No. 2.[1] After considering the parties' submissions, the record, and the applicable law, the court finds that Williams's § 2255 motion should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

## I. INTRODUCTION

On July 1, 2013, a jury found Williams guilty of one count of conspiracy to defraud the government, in violation of 18 U.S.C. § 286; three counts of wire fraud, in violation of 18 U.S.C. § 1343; and three counts of aiding and abetting aggravated identity theft, in

---

[1] References to document numbers ("Doc. No.") are to those assigned by the clerk of court in this civil action. All page references are to those assigned by CM/ECF.

violation of 18 U.S.C. §§ 1028A(a)(1) and 2. After a sentencing hearing on November 1, 2013, the district court sentenced Williams to fifty-one months in prison.

Williams appealed, arguing that the district court erred in applying a two-level sophisticated means enhancement under U.S.S.G. § 2B1.1 based on her co-conspirators' relevant conduct. Doc. No. 7-11 at 10–21. On May 6, 2015, by unpublished opinion, the Eleventh Circuit affirmed Williams's convictions and sentence. Doc. No. 7-13.

On June 29, 2015, Williams filed this § 2255 motion raising the following claims:

1. Her trial counsel rendered ineffective assistance by failing to move for a judgment of acquittal.

2. Her counsel performed deficiently on appeal by failing to present effective arguments against the district court's application of the sophisticated means enhancement.

Doc. No. 2 at 3; Doc. No. 16 at 2–5.

## II. DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other

injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

## B. Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

3

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish . . . that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker. . . . Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). The Supreme Court has held a criminal defendant's appellate counsel does not have to raise all nonfrivolous issues on appeal. *Jones v. Barnes*, 463 U.S. 745, 751–54 (1983). In so holding, the Court noted, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* at 751–52. Therefore, it is difficult for a defendant to show his counsel was ineffective for failing to raise certain issues on appeal, particularly if counsel presented other strong issues. *Smith v. Robbins*, 528 U.S. 259, 287–88 (2000).

### 1. *Counsel's Failure to Move for Judgment of Acquittal*

Williams claims her trial counsel rendered ineffective assistance by failing to move for a judgment of acquittal. Doc. No. 1 at 2; Doc. No. 16 at 2–3.

4

Williams's claim is contradicted by the record. After the government rested its case, Williams's counsel filed a written Motion for Judgment Acquittal and argued the motion in open court. Doc. No. 7-4 at 84–86 and 88–89; Doc. No. 7-5. The district court denied the motion. Doc. No. 7-4 at 91. Because counsel in fact filed and argued in support of a motion for judgment of acquittal, Williams is entitled to no relief based on this claim of ineffective assistance of counsel.

### 2. Appellate Counsel's Arguments Regarding Sophisticated Means Enhancement

Williams claims her counsel on appeal performed deficiently by presenting ineffective arguments against the district court's application of the sophisticated means enhancement under U.S.S.G. § 2B1.1.[2] Doc. No. 2 at 3; Doc. No. 16 at 4–5. Williams contends her appellate counsel should have argued that case law cited by the government regarding the enhancement was inapplicable to her case. Doc. No. 16 at 4. She further contends that her appellate counsel should have cited *United States v. Clay*, 562 F. App'x 919 (11th Cir. 2014), and *United States v. Jackson*, 388 F. App'x 906 (11th Cir. 2010), when arguing against the enhancement. Doc. No. 16 at 4–5.

On direct appeal, Williams's counsel argued that the district court erred in applying the two-level sophisticated means enhancement in calculating Williams's advisory guidelines range. Doc. No. 7-11 at 10–21. Williams maintains that two cases the

---

[2] A defendant's offense level is increased by two levels if she used sophisticated means during either the execution or concealment of the offense conduct. U.S.S.G. § 2B1.1(b)(10)(C). "Sophisticated means" refers to especially complex or intricate conduct. U.S.S.G. § 2B1.1 cmt. n.9(B). Where the offense involves a criminal conspiracy, the advisory guidelines calculations are based on all relevant conduct, which includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B).

5

government cited to support the enhancement in its appellee's brief—*United States v. Campbell*, 491 F.3d 1306 (11th Cir. 2007), and *United States v. Barakat*, 130 F.3d 1448 (11th Cir. 1997)—did not apply to her situation because the defendants in those cases were not convicted of violating 18 U.S.C. § 286, as she was. Doc. No. 16 at 4. She maintains her counsel should have filed a reply brief arguing that *Campbell* and *Barakat* were inapposite to the facts of her case. *Id*. However, filing a reply brief is discretionary, and failing to do so does not amount to ineffective assistance of counsel. *See United States v. Birtle*, 792 F.2d 846, 848 (9th Cir. 1986) (affirming the denial of defendant's § 2255 petition alleging that counsel was ineffective for failing to file a reply brief); *see also* Fed.R.App.P. 28(c) ("The appellant *may* file a brief in reply to the brief of the appellee. . . .") (emphasis added).

Moreover, the cases cited in the government's brief in Williams's appeal—*Campbell* and *Barakat*—were *not* inapposite to Williams's case, because both of those cases illustrate the fact that the Eleventh Circuit has found the sophisticated means enhancement can apply where a defendant used accounts in the names of third parties to conceal her involvement with tax fraud—the same means of concealment employed in the conspiracy in which Williams participated. The failure of Williams's appellate counsel to attempt to distinguish *Campbell* and *Barakat* from Williams's case did not constitute deficient performance, nor was it prejudicial.

Williams maintains that her appellate counsel should have cited *United States v. Clay*, 562 F. App'x 919 (11th Cir. 2014), and *United States v. Jackson*, 388 F. App'x 906 (11th Cir. 2010), in challenging the sophisticated means enhancement in her case because

6

the defendants in *Clay* and *Jackson* were convicted of violating 18 U.S.C. § 286 and did not have the sophisticated means enhancement applied to their offense levels. Doc. No. 16 at 4–5. However, the issue of the sophisticated means enhancement is not discussed in either of those Eleventh Circuit opinions, and it is therefore not possible to assess whether those cases afford Williams support for her claim that the sophisticated means enhancement should not have been applied to her. Again, Williams demonstrates neither deficient performance by counsel nor prejudice. As such, she is entitled to no relief based on this claim of ineffective assistance of counsel on appeal.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Williams be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before May 5, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

7

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 21st day of April, 2017.


   /s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE